MARY LYONS, administratrix, *vs.* BOSTON TOWAGE AND
LIGHTERAGE COMPANY.

Suffolk.    January 21, 22, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Due Care — Negligence — Explosion caused by Torch held
by Fellow Workman.*

An employee cannot recover for personal injuries received while painting the inside
of a tank by the explosion of gas generated by the varnish used by him, which
explosion was caused by a lighted torch held by a fellow workman at the em-
ployee's suggestion, if there is no evidence that the varnish was different from
what the employee had used for twelve years, or that the employer knew of any
difference, or that he contemplated the use of a torch.

TORT, for personal injuries received and sufferings endured
by the plaintiff's intestate previous to his death. Trial in the
Superior Court, before *Sherman,* J., who, upon the evidence
offered by the plaintiff, and at the request of the defendant,
directed a verdict for the defendant; and the plaintiff alleged
exceptions.

*L. M. Child & T. H. Buttimer,* for the plaintiff.

*J. Lowell, Jr., (S. H. Smith* with him,) for the defendant.

HOLMES, J. , The plaintiff's intestate, Michael Lyons, was
ordered to paint the inside of a tank with black varnish.
While he was doing so, and a fellow workman was holding
a torch for him at his suggestion, the fumes of the varnish
caught fire from the torch, and he was burned so badly that
he died. Lyons had worked for the defendant twelve years.
It was part of his regular business to paint this and other tanks,
and he had done so a good many times. Black varnish was the
paint used. The tank had to be painted about once a year.

We assume that black varnish is dangerous in the sense that
it is liable to generate inflammable fumes, but any dangers in-
cident to the use of black varnish in general the defendant had

every reason to believe to be as well known to Lyons as to it-
self.    After twelve years he would be supposed to have taken
the risk of them.    There was no evidence that the varnish used
on this occasion was of inferior quality, or different from what
always had been used, except the fact of the accident.    There
was no evidence that the defendant knew of the difference, if
there was any.    There was no evidence that it contemplated
the use of a torch, which came from Lyons's own suggestion.*
We do not perceive any particular in which the defendant fairly
can be said to have failed in its duty.

*Exceptions overruled.*

---

\* The bill of exceptions recited that the tank was in the hold of a lighter
at the wharf, and was an iron cylinder about sixteen feet long, and about
four feet high and four feet wide.    It was in the lower part of the lighter,
and the only opening to the same was a manhole in the end, an oval opening
about a foot and a half in diameter and about one foot in width.    There was
evidence that this tank was used to contain water to supply the steam engine
on the lighter; that this tank had to be painted about once a year; that the
paint that was used for that purpose was of a kind known as black varnish;
that it was kept in the storehouse of the defendant, and was the only kind of
paint there; that the foreman told Butler to paint the tank; that he, in ac-
cordance with the usual mode of doing that work, went to the storehouse and
got a pot of black varnish and a lantern.    He then went down to the lighter
and crawled into the tank with the lantern and commenced work.    After
working there about half an hour the gas that arose from the varnish which
was on the inside of the tank became so strong that Butler crawled out of the
tank and went back to the foreman and told him he did not want to work
any longer there, because the gas arising from the varnish was too strong for
him.    The foreman then told him to go back there and he would send Lyons
to assist him and they could take turns in the tank.    Thereupon Butler went
back to the tank and was shortly after joined by the plaintiff's intestate.
Lyons got into the tank and was handed a lighted lantern by Butler.    After
a few minutes the light in the lantern went out, and after having been
trimmed and relighted it went out again.

There was upon the lighter a torch, and when the light went out the second
time, Lyons suggested that they might use the torch.    Thereupon Butler
took the torch and lighted it and held it outside of the tank within about a
foot of the manhole so as to give light to Lyons within the tank.    This light
or some artificial light was necessary for the purpose of doing the work, as
there was no light within the tank, and no opportunity to procure any except
artificial light.    While Butler was so holding the torch for the purpose of
giving light, and Lyons was at work painting the tank, the gas that was
generated by the varnish ignited from the torch ; whereupon Butler cried
out.    Lyons jumped and put his hands on the edge of the tank for the pur-

pose of crawling out, and the gas that minute exploded and blew Lyons out
of the tank through the manhole into the hold of the lighter, causing injuries
from which he died in forty-eight hours.